IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA          *
                                  *
v.                                *      CR 122-088
                                  *
WILLIAM BEAU DEVORE               *

O R D E R

On August 18, 2023, Defendant William Beau Devore pled guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to a term of imprisonment of 102 months on January 3, 2024.  On January 30, 2024, Defendant was sentenced in state court on two counts of burglary in the first degree in the Superior Court of Columbia County.

Defendant did not appeal his conviction or sentence. Recently, however, he moved to reduce his sentence upon pointing out that his state court burglary conviction involved the same firearm that led to the federal charge in this case.  The Court denied his motion based upon the dual sovereignty doctrine. (Order of December 9, 2025, Doc. 56.)

Through his present motion titled "Motion to Dismiss All Gun Charges," Defendant is bolstered by a recent United States Supreme Court decision, Barrett v. United States, 146 S. Ct. 482 (2026), in which the Court held that convictions for both 18 U.S.C. §

924(c)(1)(A)(i) and § 924(j) based upon the same conduct violates double jeopardy.  Defendant claims that Barrett invalidates his federal conviction and requests the appointment of counsel.

Defendant's contention – as faulty as it is – is a collateral attack against the legality of his conviction, which may only be accomplished through a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  Defendant has not filed a § 2255 petition.  The Clerk is directed to attach a blank form for federal prisoners to seek § 2255 relief to the service copy of this Order. The Court is constrained to note, however, that not only has the one-year statute of limitations run for filing a § 2255 petition, Defendant waived his right to collaterally attack his conviction in the plea agreement.

With respect to Defendant's request for counsel, a habeas petitioner has no absolute constitutional right to the appointment of counsel.  Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (held in the context of a habeas proceeding under 28 U.S.C. § 2254).  Rather, a court may appoint counsel only if the interests of justice so require.  28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel); see McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (stating that civil litigants, even prisoners, have no constitutional right to counsel; rather, appointment of counsel in civil cases is "a privilege that is justified only by

2

exceptional circumstances" (quoted source omitted)). Here, Defendant has not shown that the interests of justice demand the appointment of an attorney.

Upon the foregoing, Defendant Devore's motion to dismiss all gun charges (doc. 58) is **DISMISSED**, and the Government's motion to dismiss Defendant's motion (doc. 59) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this _12th_ day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3